1   Douglas R. Young (State Bar No. 073248)
        dyoung@fbm.com
2   C. Brandon Wisoff (State Bar No. 121930)
        bwisoff@fbm.com
3   Cory M. Mason (State Bar No. 240987)
        cmason@fbm.com
4   Farella Braun & Martel LLP
    235 Montgomery Street, 17th Floor
5   San Francisco, CA  94104
    Telephone:  (415) 954-4400
6   Facsimile:  (415) 954-4480

7   Kim E. Brightwell, Esq. (Texas SBN 02992700)
    *Applying for Pro Hac Vice*
8       kbrightwell@reevesbrightwell.com
    Paul Schlaud, Esq. (Texas SBN 24013469)
9   *Applying for Pro Hac Vice*
    Sinead O'Carroll, Esq. (Texas SBN 24013253)
10  *Applying for Pro Hac Vice*
    Reeves & Brightwell, LLP
11  221 West Sixth Street, Suite 1000
    Austin, TX  78701-3410
12  Telephone:  (512) 334-4500
    Facsimile:  (512) 334-4492

13

    Attorneys for Defendant
14  ALIENWARE CORPORATION

15              UNITED STATES DISTRICT COURT

16           NORTHERN DISTRICT OF CALIFORNIA

17               SAN FRANCISCO DIVISION

18

19  HARRY OESTREICHER, on behalf of       Case No.            07   0512
    himself and all others similarly situated,
20                                         **NOTICE OF REMOVAL OF CIVIL
                     Plaintiff,            ACTION FROM STATE COURT
21                                         (CLASS ACTION FAIRNESS ACT)**
         vs.
22                                         28 U.S.C. §§ 1332, 1441, 1446, 1453
    ALIENWARE CORPORATION and
23  DOES 1-100, inclusive,                 [San Francisco Superior Court Case No. CGC-
                                           06-458498]
24                   Defendants.

25

26

27

28

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor    NOTICE OF REMOVAL OF CIVIL ACTION                    21727\1148921.1
San Francisco, CA  94104             FROM STATE COURT
(415) 954-4400

E-Filing  ORIGINAL  FILED

JAN 2 5 2007

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

1   TO THE CLERK OF THE ABOVE-ENTITLED COURT AND TO PLAINTIFF AND HIS

2   ATTORNEYS OF RECORD:

3       PLEASE TAKE NOTICE that defendant ALIENWARE CORPORATION ("Alienware")

4   hereby removes to this Court, pursuant to 28 U.S.C. sections 1332, 1441, 1446, and 1453, the

5   state court action entitled *Harry Oestreicher, on behalf of himself and all others similarly situated*

6   *v. Alienware Corporation and Does 1-100, inclusive*, commenced in the Superior Court of the

7   State of California, County of San Francisco on December 6, 2006 as case number CGC-06-

8   458498 and served on Alienware on December 27, 2006. The grounds for removal are as

9   follows:

10                           **INTRODUCTION**

11       1.      Removal of this action is based on diversity jurisdiction under the Class Action

12   Fairness Act of 2005 ("CAFA"), Pub. L. No. 109-2, 119 Stat. 4 (codified in relevant part at 28

13   U.S.C. sections 1332(d) and 1453), and on 28 U.S.C. sections 1441 and 1446.

14       2.      This action is a civil action of which this Court has original jurisdiction under the

15   diversity jurisdiction provisions of CAFA, contained in 28 U.S.C. section 1332(d), and is one that

16   may be removed to this Court by defendant Alienware pursuant to the provisions of 28 U.S.C.

17   sections 1441(a) and 1453(b), in that it is a putative class action wherein at least one member of

18   the proposed class of plaintiffs is a citizen of a State different from that of a defendant, the matter

19   in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and the

20   putative class contains at least 100 members. The jurisdictional exceptions to CAFA do not apply

21   to this case, nor do CAFA's provisions regarding the circumstances under which a district court

22   may or must decline to exercise jurisdiction. Alienware has complied with the statutory

23   procedural requirements for removal.

24       3.      This Notice of Removal is subject to and without waiver of Alienware's right to

25   compel arbitration. Plaintiff is on notice that this dispute is subject to a binding arbitration

26   agreement, and Alienware intends to pursue its arbitration rights.

27                           **BACKGROUND**

28       4.      On December 6, 2006, Plaintiff commenced a putative class action entitled *Harry*

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

NOTICE OF REMOVAL OF CIVIL ACTION
FROM STATE COURT      - 2 -          21727\1148921.1

1    *Oestreicher, on behalf of himself and all others similarly situated v. Alienware Corporation and*

2    *Does 1-100, inclusive* as case number CGC-06-458498 by filing a class action complaint

3    ("Complaint") in the Superior Court of the State of California, County of San Francisco.  A true

4    and correct copy of the Complaint is attached hereto as Exhibit A.

5          5.      On December 27, 2006, Alienware, through its registered agent, was served with a

6    copy of the Complaint and a Summons.  Alienware was also served with the following on that

7    date: (1) Notice to Plaintiff; (2) Alternative Dispute Resolution (ADR) Information Package; (3)

8    Stipulation to Alternative Dispute Resolution and Case Management Statement forms; (4) a

9    document regarding San Francisco Superior Court's Judicial Mediation Program; (5) Civil Case

10   Cover Sheet; and (6) CLRA Venue Affidavit of Plaintiff Harry Oestreicher.  True and correct

11   copies of the Summons and the aforementioned documents are attached hereto as Exhibit B.

12   Alienware has not been served with any other process, pleadings, or orders in this action.

13         6.      The Complaint asserts the following six causes of action:  (1) violations of

14   California's Unfair Competition Law (California Business and Professions Code section 17200 *et*

15   *seq.*); (2) untrue and misleading advertising (California Business and Professions Code section

16   17500 *et seq.*); (3) violation of the Consumer Legal Remedies Act (California Civil Code section

17   1750 *et seq.*); (4) breach of express warranties (California Commercial Code section 2313); (5)

18   breach of implied warranties (California Commercial Code section 2314); and (6) unjust

19   enrichment.  Plaintiff's claims are based on allegations that Alienware's Area-51m 5550, 5700,

20   5750, 7500 and 7700 notebook computers (referred to in the Complaint as "Area-51 notebook

21   computers") were defectively designed, and, as a result of such alleged defective design, failed

22   during regular usage.  Compl. ¶ 1.

23         7.      The Complaint defines the proposed class as follows:

24         All persons and entities residing in the United States who purchased one or more
           of the Defendant's defectively designed Area-51 notebook computers.  Excluded
25         from the Class are (i) employees of the defendant, including its officers and
           directors; (ii) Defendant's affiliates, subsidiaries or co-conspirators; (iii) the Court
26         to which this case is assigned and (iv) residents of the State of Florida.

27   Compl. ¶ 20.

28         8.      Plaintiff seeks, on behalf of himself and the putative class described above, the

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

NOTICE OF REMOVAL OF CIVIL ACTION
FROM STATE COURT                    - 3 -                    21727\1148921.1

1   following relief:  (1) class certification and appointment of Plaintiff as Class Representative and

2   Plaintiff's counsel as Class Counsel; (2) damages in the amount of monies paid for the allegedly

3   defective notebook computers; (3) actual, statutory, and punitive or treble damages; (4) pre- and

4   post-judgment interest; (5) restitution and/or restitutionary disgorgement; (6) injunctive relief; (7)

5   costs, including attorneys' fees; and (8) all other relief deemed proper by the court.  Compl. ¶ 3;

6   Prayer for Relief, Compl. at 19:24-28, 20:1-8.

## JURISDICTION UNDER THE CLASS ACTION FAIRNESS ACT

8        9.     CAFA was enacted on February 18, 2005, and applies to any civil action

9   commenced on or after that date.  Pub. L. No. 109-2, 119 Stat. 4, § 9.  CAFA therefore applies to

10   this action.

11        10.     CAFA provides that a district court "shall have original jurisdiction of any civil

12   action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of

13   interest and costs, and is a class action in which . . . any member of a class of plaintiffs is a citizen

14   of a State different from any defendant," provided that the proposed class contains at least 100

15   members.  28 U.S.C. § 1332(d)(2)(A), (5)(B).

16        11.     This Court has original jurisdiction of this class action under CAFA because at

17   least one proposed class member is a citizen of a State different from at least one defendant, the

18   matter in controversy well exceeds the sum or value of $5,000,000, exclusive of interest and

19   costs, and the putative class contains well over 100 members.  Therefore, this putative class

20   action may be removed to this Court pursuant to 28 U.S.C. sections 1441(a) and 1453(b).

21   **Minimal Diversity of Citizenship Exists in This Action**

22        12.     The Complaint alleges that plaintiff Harry Oestreicher, a member of the proposed

23   class, is a resident of San Francisco, California.  Compl. ¶ 4.  Alienware is thus informed and

24   believes that Mr. Oestreicher was, at the time of the filing of the Complaint, a citizen of the State

25   of California.  *See* 28 U.S.C. § 1332(d)(7) (citizenship of proposed plaintiff class members, for

26   purposes of assessing minimal diversity, is determined "as of the date of filing of the complaint or

27   amended complaint").

28        13.     Defendant Alienware was, at the time of the filing of this action, and still is, a

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

NOTICE OF REMOVAL OF CIVIL ACTION
FROM STATE COURT     - 4 -     21727\1148921.1

1    corporation incorporated under the laws of the State of Florida, with its principal place of

2    business in the State of Florida, and was not and is not incorporated under the laws of the State of

3    California, wherein this action was brought. The Complaint recognizes that Alienware's

4    principal place of business is in Florida, alleging that Alienware's headquarters is located in

5    Miami, Florida. Compl. ¶ 5. Alienware therefore was and still is a citizen of only the State of

6    Florida. 28 U.S.C. § 1332(c)(1).

7            14.    Although the Complaint names fictitious defendants, the citizenship of such

8    fictitious defendants "shall be disregarded" for purposes of removal. 28 U.S.C. § 1441(a).

9            15.    At least one member of the putative class of plaintiffs, plaintiff Harry Oestreicher,

10    is a citizen of a State, California, which is different from the State of citizenship, Florida, of

11    Alienware, the sole non-Doe defendant named in this case. Minimal diversity of citizenship, as is

12    required for original jurisdiction under 28 U.S.C. section 1332(d)(2)(A), is therefore present in

13    this case.

14            16.    Indeed, although not necessary under CAFA, the citizenship of *each member* of

15    the proposed class is diverse from that of defendant Alienware. The Complaint seeks certification

16    of a nationwide class, but excludes from the class definition residents of Florida. Compl. ¶ 20.

17    Because Alienware is a citizen of only Florida, and of no other state, it follows that the entire

18    class of putative plaintiffs, who cannot be Florida residents, *must* be diverse from Alienware.

19    Thus, while CAFA requires only minimal diversity, complete diversity exists in this action.

20    **The Aggregate Amount in Controversy Exceeds $5,000,000 Exclusive of Interest and Costs**

21            17.    The Complaint does not allege a precise amount in controversy in this action. It is

22    clear from the face of the Complaint, however, that the amount in controversy well exceeds the

23    sum or value of $5,000,000, exclusive of interest and costs, as is required for original jurisdiction

24    under 28 U.S.C. section 1332(d)(2).

25            18.    Under CAFA, "[i]n any class action, the claims of the individual class members

26    shall be aggregated to determine whether the matter in controversy exceeds the sum or value of

27    $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(6).

28    ///

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

NOTICE OF REMOVAL OF CIVIL ACTION
FROM STATE COURT     - 5 -     21727\1148921.1

1    19.    As noted above, the Complaint defines the proposed class as follows:

2    All persons and entities residing in the United States who purchased one or more
     of the Defendant's defectively designed Area-51 notebook computers.  Excluded
3    from the Class are (i) employees of the defendant, including its officers and
     directors; (ii) Defendant's affiliates, subsidiaries or co-conspirators; (iii) the Court
4    to which this case is assigned and (iv) residents of the State of Florida.

5    Compl. ¶ 20.

6    20.    In the section of the Complaint entitled "Class Action Allegations," Plaintiff

7    alleges that, although "the precise number of Class Members is unknown" to him, "it is clear that

8    Alienware sold tens of thousands, if not more, defectively designed Area-51 notebook computers

9    in retail transactions."  Compl. ¶ 22.  According to Plaintiff's allegations alone, the number of

10   purported class members is therefore in the tens of thousands.

11   21.    The Complaint describes sale prices for the allegedly defective Alienware

12   computers ranging from $3,000 to over $4,000.  Compl. ¶¶ 18, 19.

13   22.    Plaintiff, on behalf of himself and the putative class, is seeking, among other relief,

14   "[d]amages in the amount of monies paid for Notebook computers."  Prayer for Relief, Compl. at

15   19:26.

16   23.    It is clear, based on a class of "tens of thousands" as alleged in the Complaint, and

17   considering only one component of the total relief sought by the Complaint, that the amount in

18   controversy well exceeds $5,000,000, exclusive of interest and costs.  Indeed, even were the class

19   comprised of only 10,000 members, as opposed to "tens of thousands," the amount in controversy

20   would be a minimum of $30,000,000 based on the lower end of Plaintiff's estimated computer

21   purchase price of $3,000.

22   **The Putative Class Contains at Least 100 Members**

23   24.    Under 28 U.S.C. section 1332(d)(5)(B), a putative class must have at least 100

24   members in order for CAFA's minimal diversity and amount in controversy provisions to apply.

25   25.    As discussed above, the Complaint alleges a putative class size in the "tens of

26   thousands."  The proposed class thus includes at least 100 members, as is required for original

27   jurisdiction under CAFA.

28   ///

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

NOTICE OF REMOVAL OF CIVIL ACTION
FROM STATE COURT

- 6 -

21727\1148921.1

1    **The Exceptions to CAFA's Application Do Not Apply**

2        26.     CAFA's diversity jurisdiction provisions do not apply to "any class action that

3   solely involves a claim" that: (1) concerns a "covered security"; (2) "relates to the internal affairs

4   or governance of a corporation or other form of business enterprise and that arises under or by

5   virtue of the laws of the State in which such corporation or business enterprise is incorporated or

6   organized;" or (3) "relates to the rights, duties (including fiduciary duties), and obligations

7   relating to or created by or pursuant to any security." 28 U.S.C. § 1332(d)(9).[1] CAFA's

8   jurisdiction provisions are also inapplicable where States, State officials, or other governmental

9   entities are primary defendants. 28 U.S.C. § 1332(d)(5)(A). These exceptions clearly do not

10   apply in this case, as the claims involved do not concern securities, corporate internal affairs, or

11   corporate governance, and no governmental officials or entities are named as defendants.

12   **CAFA's Provisions Regarding the Decline of Jurisdiction Do Not Apply**

13        27.     A district court that has original jurisdiction of a class action under CAFA may,

14   under certain specified circumstances, decline to exercise such jurisdiction, and in some cases

15   must decline to exercise jurisdiction. 28 U.S.C. § 1332(d)(3), (4). For these provisions to apply,

16   the "primary" defendants or at least one defendant must be citizens of the State in which the

17   action was originally filed. *Id.*

18        28.     Because no defendant in this action is a citizen of California, the State in which

19   this action was originally filed, no basis exists under 28 U.S.C. section 1332(d)(3) and (4) for this

20   Court to decline to exercise original jurisdiction, as conferred by CAFA, over this class action.

21      **ALIENWARE HAS COMPLIED WITH THE PROCEDURAL REQUIREMENTS FOR**

22                                      **REMOVAL**

23        29.     CAFA provides that "[a] class action may be removed to a district court of the

24   United States in accordance with [28 U.S.C.] section 1446 . . . without regard to whether any

25   defendant is a citizen of the State in which the action is brought, except that such action may be

26   removed by any defendant without the consent of all defendants." 28 U.S.C. § 1453(b). As

27

28

[1] CAFA's provisions addressing removal of class actions similarly do not apply to class actions involving these types of claims. *See* 28 U.S.C. § 1453(b).

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

NOTICE OF REMOVAL OF CIVIL ACTION
FROM STATE COURT      - 7 -               21727\1148921.1

1    explained below, Alienware has complied with the procedural requirements for removal

2    contained in 28 U.S.C. section 1446.

3          30.    Defendants seeking to remove a civil action from a State court must file a notice of

4    removal "in the district court of the United States for the district and division within which such

5    action is pending." 28 U.S.C. § 1446(a); *see also* 28 U.S.C. § 1441(a) (where original jurisdiction

6    exists, action "may be removed . . . to the district court of the United States for the district and

7    division embracing the place where such action is pending"). This action is pending in the

8    Superior Court of the State of California, County of San Francisco. The Northern District of

9    California includes the County of San Francisco (*see* 28 U.S.C. § 84(a)), and the San Francisco

10   Division embraces San Francisco County. Therefore, this Notice of Removal is properly filed in

11   the San Francisco Division of this Court.

12         31.    This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil

13   Procedure, and copies of all process, pleadings, and orders served on Alienware in this action are

14   attached as Exhibits A and B, filed herewith. 28 U.S.C. § 1446(a).

15         32.    This Notice of Removal is timely under 28 U.S.C. section 1446(b) because it is

16   filed within thirty days after Alienware received the Summons and Complaint in this action

17   through service on its registered agent on December 27, 2006.

18         33.    Pursuant to 28 U.S.C. section 1446(d), written notice of the filing of this Notice of

19   Removal and a copy of this Notice of Removal will be promptly served upon Plaintiff and filed

20   with the Clerk of the Superior Court of California, County of San Francisco. A true and correct

21   copy of the notice of the filing of this Notice of Removal, which will be served on Plaintiff and

22   filed with the Clerk of the San Francisco Superior Court, is attached hereto as Exhibit C.

## **VENUE**

24         34.    As noted above, the Northern District of California includes the County of San

25   Francisco (*see* 28 U.S.C. § 84(a)), and this action is pending in the Superior Court of California,

26   County of San Francisco. Therefore, because the Northern District of California is the district in

27   which this action is pending, venue is proper under 28 U.S.C. section 1441(a).

28

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

NOTICE OF REMOVAL OF CIVIL ACTION
FROM STATE COURT                          - 8 -                    21727\1148921.1

**INTRADISTRICT ASSIGNMENT**

35.    Removal of this action to the San Francisco Division of this Court is proper because Plaintiff alleges that he "resides within the County of San Francisco" and that "the purchase of his Alienware notebook computer, or a substantial portion" thereof took place in the County of San Francisco, and because this action was filed in the Superior Court of California, County of San Francisco.  Compl. ¶ 10; 28 U.S.C. § 1441(a); Civ. L.R. 3-2(c), (d).

**CERTIFICATION OF INTERESTED ENTITIES OR PERSONS**

36.    Pursuant to Civil L.R. 3-16, the undersigned certifies that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding:

- Dell International Inc. (Alienware is a wholly-owned subsidiary of Dell International Inc., although Alienware is independently run; financial interest)
- Dell Inc. (Owner of Dell International Inc.; financial interest)
- Clevo Company (Alienware has sent an indemnification letter to this company in connection with this suit; financial interest)
- Uniwill Computer International Corporation/Uniwill Computer Corporation (Alienware has sent an indemnification letter to this corporation in connection with this suit; financial interest)

///
///
///
///
///
///
///
///

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

NOTICE OF REMOVAL OF CIVIL ACTION
FROM STATE COURT                        - 9 -                        21727\1148921.1

1    WHEREFORE, defendant Alienware hereby removes this action now pending against it in the

2    Superior Court of California, County of San Francisco, to this Court.

3

4    DATED:  January 25, 2007                 FARELLA BRAUN & MARTEL LLP

5

6                               By: _____

7                                 Cory M. Mason

8                               Attorneys for Defendant
                                   ALIENWARE CORPORATION

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

NOTICE OF REMOVAL OF CIVIL ACTION
FROM STATE COURT          - 10 -                       21727\1148921.1

# EXHIBIT  A

## TO

## Notice of Removal of Civil Action from State Court (Class Action Fairness Act) (28 U.S.C. §§ 1332, 1441, 1446, 1453)

ENDORSED
F I L E D
San Francisco County Superior Court

DEC 0 6 2006

GORDON PARK-LI, Clerk
BY: _____
JUN P. PANELO
Deputy Clerk

CASE MANAGEMENT CONFERENCE SET

MAY 1 1 2007 -9:00 AM

DEPARTMENT 212

Michael L. Kelly - California State Bar No. 82063
Robert K. Friedl - California State Bar No. 134947
KIRTLAND & PACKARD LLP
2361 Rosecrans Avenue, Fourth Floor
El Segundo, California 90245
Tel:(310) 536-1000; Fax: (310) 536-1001

*ADDITIONAL COUNSEL FOR PLAINTIFF
LISTED ON LAST PAGE*

Attorneys for plaintiff Harry Oestreicher

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN FRANCISCO

| | |
|---|---|
| HARRY OESTREICHER, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ALIENWARE CORPORATION and DOES 1-100, inclusive,<br><br>Defendants. | Case No. **CGC-06-458498**<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR:**<br>**1. VIOLATION OF *BUSINESS AND PROFESSIONS CODE* § 17200 ET SEQ.**<br>**2. VIOLATION OF *BUSINESS AND PROFESSIONS CODE* § 17500 ET SEQ.**<br>**3. VIOLATION OF *CIVIL CODE* § 1750**<br>**4. BREACH OF EXPRESS WARRANTY**<br>**5. BREACH OF IMPLIED WARRANTY**<br>**6. UNJUST ENRICHMENT** |

## INTRODUCTION

Plaintiff Harry Oestreicher ("Representative Plaintiff"), individually and on behalf of all others similarly situated alleges as follows:

## NATURE OF CASE

1.      This consumer class action arises from Alienware Corporation's ("Alienware") deceptive and unlawful conduct in designing, manufacturing, distributing and supplying defectively designed notebook computers. Specifically, the Representative Plaintiff brings this class action on behalf of a Class of consumers who purchased the Defendant's defective Alienware Area-51m 5550, 5700, 5750, 7500 and 7700 notebook computers ("Area-51 notebook computers")

02145-00001  112443.1

1    for consumer use ("Class Members" refers to both the Representative Plaintiff and Members of the

2    Class defined at paragraph twenty (20) of this Complaint).  As a result of the Defendant's

3    defectively designed product, these Area-51 notebook computers overheated during normal usage,

4    rendering the machines unusable, and violating state consumer protection statutes, breaching

5    express and implied warranties that accompanied the notebook computers, and causing Class

6    Members and the Representative Plaintiff to incur loss of use and monetary damages associated

7    with the repair and/or replacement caused by the defective design.

8         2.    Although the Defendant knew that there were problems with the design of the Area-

9    51 notebook computers, the Defendant did not recall the defectively designed computers that had

10   been sold to Class Members or the notebook computers waiting for sale to other consumers.

11   Instead, the Defendant permitted Class Members to purchase the defectively designed notebook

12   computers and passed the expense, hassle, and frustration of replacing the defectively designed

13   notebook computers along to Class Members.  Thus, eventually Class Members either incurred the

14   cost of replacing the defective notebook computers or lost the use of the product purchased, to the

15   detriment of the Class and at a great savings for the Defendant.  In addition, plaintiff is informed

16   and believes that knowing its products would fail, Alienware restricted the access of third party

17   repair centers to its parts so that Alienware would obtain the additional profits from repairs.

18        3.    On behalf of himself and all others similarly situated, the Representative Plaintiff

19   seeks relief, including:  (a) an order certifying the action to be maintained as a Class action and

20   ordering the Representative Plaintiff and the Representative Plaintiff's counsel to represent the

21   Class; (b) compensatory and consequential damages; (c) punitive damages; (d) attorneys' fees; (e)

22   costs of this suit; (f) pre and post judgment interest; and (g) such other and further relief as this

23   Court may deem necessary or proper.

## THE PARTIES

24   

25        4.    The Representative Plaintiff Harry Oestreicher is a resident of San Francisco,

26   California.  In or about June 30, 2005, Representative Plaintiff purchased a defective Alienware

27   notebook computer designed, manufactured, distributed, supplied and/or sold by the Defendant.

28        5.    The Defendant Alienware ("defendant") manufactures high-performance desktop,

LAW OFFICES
KIRTLAND & PACKARD LLP

1  notebook, media center, and professional systems. Alienware is headquartered at 14591 SW 120

2  Street, Miami, Florida 33186-8638.

3       6.     The true names and capacities, whether individual, corporate, associate,

4  representative or otherwise, of the defendants identified herein as Does 1 - 100 inclusive are

5  unknown to plaintiff, who therefore sues these defendants by said fictitious names.  Plaintiff will

6  amend this complaint to allege the true names and capacities of Does 1 - 100 when they have been

7  ascertained.  Does 1 -100 are in some manner legally responsible for the wrongs and injuries

8  alleged in this complaint and all allegations against "defendant" Alienware are alleged against

9  Does 1 - 100.

10       7.     Each of the defendants acted as the co-conspirator, agent, joint venturer or alter-ego

11  with respect to all acts, violations, and common course of conduct alleged herein, or is otherwise

12  liable.

13       8.     The acts alleged in this complaint to have been committed by defendant(s) were

14  authorized, ordered or done by their officers, agents, employees or representatives while actively

15  engaged in the management of the defendant's businesses.

16  **JURISDICTION AND VENUE**

17       9.     This Court has jurisdiction pursuant to *Code of Civil Procedure* § 410.10, *Business*

18  *and Professions Code* Sections 17203, 17204, 17500 *et seq.*, California *Civil Code* Section 1780

19  and other provisions of California law.  A substantial portion of the wrongdoing alleged in this

20  Complaint took place in this state and because the Defendant is authorized to do business here, has

21  sufficient minimum contacts with this state, and/or otherwise intentionally avails itself of the

22  markets in this state through the promotion, marketing and sale of its products and services in this

23  state, the exercise of jurisdiction by this Court is permissible under traditional notions of fair play

24  and substantial justice.

25       10.     Venue in this Court is proper because the Plaintiff resides within the County of San

26  Francisco and because the transaction at issue, i.e. the purchase of his Alienware notebook

27  computer, or a substantial portion of that transaction, occurred in the County of San Francisco.

28  **FACTUAL ALLEGATIONS**

LAW OFFICES<br>**KIRTLAND & PACKARD LLP**

02145-00001  112443.1

-3-
COMPLAINT

11. Founded in 1996 by Nelson Gonzalez and Alex Aguila, Alienware manufactures high-performance desktop, notebook, media center, and professional systems. Alienware claims to have earned an unparalleled reputation by creating best-of-breed products that offer superb, uncompromising quality. Alienware computers are marketed as faster, more powerful, and more innovative than competing machines, and therefore retail at a much higher price than the average notebook computer on the market today.

12. Alienware currently offers four lines of notebook computers: the Area-51, Aurora, Sentia and the Superman Returns – the most popular of which is the Area-51. Alienware notebook computers are targeted to customers who require high-performance computer systems and who are willing to pay a premium for this type of machine. Typical customers are individuals or small-to-medium sized businesses that require optimum performance for their investment.

13. In general terms, a notebook computer has the same basic operating abilities and functions as a desktop computer but is significantly smaller, more durable and is much more easily transported. Many companies selling both desktop and laptop/notebook computers offer machines with a wide range of features and capabilities as well as prices; however, all of these machines are sold under industry standards and should operate with minimum reasonable and foreseeable function.

14. The Area-51 notebook computers were defectively designed by the Defendant. This defective design causes the notebook computers to overheat resulting in catastrophic failure during foreseeable and normal usage. All computers, whether they are desktops or notebook computers, generate a certain amount of heat while in use. It is essential that during the design phase the manufacturer take the heat produced during normal usage into consideration and proper air flow in order to develop a system equipped to handle the heat produced by the computer, and specifically the processor. The Area-51's design flaw is directly related to the heat removal system and its inability to adequately remove the heat created by the machine while performing normal operation, essentially making the Area-51 notebook computer unusable for its intended purpose.

15. Although it was clear that the Area-51 notebook computers were defective, with fierce competition in the computer industry, Alienware decided not to recall the defectively

LAW OFFICES
KIRTLAND & PACKARD LLP

1  designed Area-51 notebook computers, but to pass the cost of replacing the defective notebook

2  computers along to Class Members.

3      16.    The defect lies within this heat removal system, otherwise known as the heatsink.

4  The purpose of a heatsink is to gather heat from the CPU and distribute it outside of the machine.

5  Essentially, there are three processes that should be considered when designing a heatsink: thermal

6  conductivity, thermal radiation, and thermal convection. The first is a measure of how well a

7  particular metal can absorb and transmit heat within itself. The second concerns how well a metal

8  performs in emitting forms of radiation - heat being one of them. And lastly, convection which is

9  how well the heatsink transfers heat to another object, in this case outside air. Heatsinks must be

10  designed in a way that air can easily and quickly float through the fan, and reach all cooling fins.

11  The heatsink designed by Alienware engineers is not adequate to remove the heat produced by the

12  processor, battery and other components of these notebook computers.

13      17.    The Defendant was well aware of the need for adequate cooling within the

14  notebook computers, especially given the change in processor, but chose to ignore this fact in the

15  face of great financial gain. Alienware knew that if it were to delay the release of the defective

16  notebook computers, in order to redesign the heat removal system, they would likely lose millions

17  of dollars in profit. So, instead of taking that financial hit, they passed along the burden to class

18  members and have since denied the problem when confronted by their loyal customers.

19      18.    The Representative Plaintiff purchased his Area-51m 7700 notebook computer on

20  June 30, 2005 and since that date he has used his Area-51m 7700 in a foreseeable manner and in

21  the manner in which it is intended to be used. The Plaintiff's Alienware computer did not come

22  with a one year warranty, as is standard within the computer industry, but instead a limited three

23  month warranty as do many Alienware computers. In December 2005, the Representative

24  Plaintiff's Area-51 notebook computer began overheating and eventually shutdown, and has since

25  never restarted. Plaintiff contacted Alienware in an attempt to get his computer repaired.

26  Alienware stated that they would attempt to troubleshoot it for a charge or assist over the phone for

27  $39/call. Due to the fact that he had just spent $4,149.00 to purchase the computer, and is himself

28  a knowledgeable computer professional, the Representative Plaintiff chose not to purchase

LAW OFFICES
KIRTLAND & PACKARD LLP

1  additional services from Alienware. Again, after continued frustration with a nonfunctioning

2  computer, the Representative Plaintiff contacted Alienware in March of 2006 requesting that they

3  fix the machine at no cost which Alienware declined to do. Additionally, the Plaintiff requested to

4  purchase parts for the machine so that he could have it fixed and was informed that Alienware

5  does not allow outside parties to purchase parts for their computers. Representative Plaintiff's

6  warranty has expired and he is left with a defective notebook computer designed, manufactured,

7  distributed, supplied and sold by the Defendant and has at no time been offered a refund or a

8  replacement.

9        19.      The Defendant has been made aware of the design defect through numerous

10  consumer complaints.  Due to the Defendant's lack of response in resolving this widespread

11  problem, consumers have taken to posting their complaints on the internet, in an attempt to

12  somehow inform others about the problem:

13                        **CONSUMER FRUSTRATION**

14       Alienware REFUSES to stand behind the hardware they sell. Their

15       goal is to get your money, and once that happens, they could care

16       less about what happens to their systems. I spent OVER $4,000 one

17       year ago for the best system money could buy. I ended up getting an

18       easy-bake oven that fails every 3 months on average.[1]

19                         *    *    *

20       The supervisor, Manuel, comes on after another 5 minutes on hold. I

21       give him an earful and then ask why the two parts are broken. The

22       answer? Heat. The computer basically cooked itself. I'm out almost

23       another 1,000 dollars because the 3,000 dollar laptop I purchased

24       runs too hot for its own box. Frustrated and helpless, I gave Manuel

25

26

27  _____

[1]http://reviews.cnet.com/Alienware_Area_51m_7700/4864-3121_7-
28  31456556.html?ctype=msgid&messageSiteID=7&messageID=1791788&cval=1791788&tag=uols
t

02145-00001  112443 1                          -6-
                        COMPLAINT

1  my credit card info...[2]

2                    *    *    *

3  Our system overheated out of the box. We have returned it 3 times

4  to be fixed. They either say that the problem was not duplicated

5  within a small period of idle running time (no applications being

6  attempted and probably in a refrigerated room) or they say that they

7  have fixed it with no explanation of what was fixed. Frankly, the

8  case has poor ventilation and the fans do not always work. This is

9  not an isolated case, based on my internet researching of other

10  reports. Our warranty states that they will fix the problem, but if they

11  can't then they will replace it or refund our money. They refuse to

12  acknowledge the problem, therefore they say there is nothing to fix.[3]

13                    *    *    *

14  With the Area 51 M7700 they went too far in packing all this power

15  into a small package. The...thing keeps overheating, and THAT

16  ultimately breaks down the hardware.[4]

17                    *    *    *

18  ... the Alienware was overheating so bad and shutting down that the

19  only way I could use it was to put a 10 lbs steel barbell weight under

20  it. This would work for about 2 hours where I would have to swap

21  the weight with a fresh one that I had sitting in the freezer.[5]

---

23  [2]http://reviews.cnet.com/Alienware_Area_51m_7700/4864-3121_7-
24  31456556.html?ctype=msgid&messageSiteID=7&messageID=2188938&cval=2188938&tag=uols
    t

25  [3]http://reviews.cnet.com/Alienware_Area_51m_7700/4864-3121_7-
26  31456556.html?ctype=msgid&messageSiteID=7&messageID=1961156&cval=1961156&tag=uols
    t

27  [4]http://forums.pcworld.com/forums/viewtopic.php?p=7868

28  [5]http://forum.notebookreview.com/archive/index.php?t-44425.html

LAW OFFICES
KIRTLAND & PACKARD LLP

\* \* \*

## CLASS ACTION ALLEGATIONS

20.     The Representative Plaintiff maintains this action on behalf of himself and a Class defined as:

> **All persons and entities residing in the United States who purchased one or more of the Defendant's defectively designed Area-51 notebook computers. Excluded from the Class are (i) employees of the Defendant, including its officers and directors (ii) Defendant's affiliates, subsidiaries or co-conspirators; (iii) the Court to which this case is assigned and (iv) residents of the State of Florida.**

21.     The Class, as defined in paragraph twenty (20), is identifiable. The definition of the Class is unambiguous. The Representative Plaintiff is a Member of the Class that he seeks to represent. Class Members can be identified using the Defendant's records of retail sales and other information that is kept by the Defendant in the usual course of business and/or in the control of the Defendant. Records kept by the Defendant identify Class Members who purchased the defectively designed Area-51 notebook computers in a retail transaction. Class Members can be notified of the class action through publication and direct mailings to address lists maintained in the usual course of business by the Defendant.

22.     Class Members are so numerous that their individual joinder is impracticable. Based upon Alienware's historic sales and the fact that notebook computers account for a large percentage of Alienware's overall computer sales, it is clear that Alienware sold tens of thousands, if not more, defectively designed Area-51 notebook computers in retail transactions. The precise number of Class Members is unknown to the Representative Plaintiff, but it is clear that the number greatly exceeds the number to make joinder impossible.

23.     Common questions of law and fact predominate over the questions affecting only individual Class Members. Some of the common legal and factual questions include:

a.     Whether Alienware's Area-51 notebook computers were defectively designed;

b.   Whether the Defendant manufactured the defective Area-51 notebook computers;

c.   Whether the Defendant supplied defective Area-51 notebook computers;

d.   Whether the Defendant sold defective Area-51 notebook computers;

e.   Whether the Defendant knew or should have known that the Area-51 notebook computers were defectively designed;

f.   Whether the Defendant engaged in illegal business practices by failing to recall or sufficiently repair the defective Area-51 notebook computers without charging Class Members;

g.   Whether the Defendant knowingly concealed the defective design of the Area-51 notebook computers;

h.   Whether the Defendant purposely designed Area-51 notebook computers in a defective manner to increase sales of new notebook computers;

i.   Whether the Defendant refused to recall defectively designed Area-51 notebook computers in order to increase the sales of new notebook computers;

j.   The nature and extent of damages and other remedies to which the conduct of the Defendant entitles Class Members; and

k.   Whether the Defendant violated state deceptive business practices statutes and/or consumer protection statutes.

24.   The Defendant engaged in a common course of conduct giving rise to the legal rights sought to be enforced by Class Members. Similar or identical defective designs, violations of consumer protection statutes, deceptive business practices, and defective products are involved. Individual questions, if any, pale by comparison to the numerous common questions that dominate.

25.   The injuries sustained by Class Members flow, in each instance, from a common nucleus of operative facts; the Defendant's misconduct. In each case the Defendant designed, manufactured, supplied and/or sold defective Area-51 notebook computers.

26.   Class Members have been damaged by the Defendant's misconduct. Class Members have purchased defectively designed Area-51 notebook computers. Many Class

LAW OFFICES
KIRTLAND & PACKARD LLP

1    Members have been required to prematurely purchase a new, properly designed notebook

2    computer because the defectively designed Area-51 notebook computers were unable to withstand

3    their normal, foreseeable and intended usage.

4          27.     The Representative Plaintiff's claims are typical of the claims of the other Class

5    Members. The Representative Plaintiff purchased a defectively designed Area-51 notebook

6    computer designed, manufactured, supplied and/or sold by the Defendant. The Representative

7    Plaintiff's Area-51 notebook computer overheats consistently during normal and foreseeable use,

8    causing catastrophic failure and limited future use, as a result of the defective design.

9          28.     The Representative Plaintiff will fairly and adequately protect the interests of the

10    Class. The Representative Plaintiff is familiar with the basic facts that form the bases of the Class

11    Members' claims. The Representative Plaintiff's interests do not conflict with the interests of the

12    other Class Members that he seeks to represent. Indeed, the Representative Plaintiff's interests are

13    aligned with both present and former Area-51 notebook computer owners. The Representative

14    Plaintiff has retained counsel competent and experienced in class action litigation, and intends to

15    prosecute this action vigorously. The Representative Plaintiff's counsel has successfully

16    prosecuted complex class actions from to both multi-million dollar jury awards and settlements to

17    the class, has participated in the litigation of large, complex class action litigation and has served

18    as part of the lead counsel in class actions involving more than one (1) million class members.

19    The Representative Plaintiff and the Representative Plaintiff's counsel will fairly and adequately

20    protect the interests of Class Members.

21          29.     The class action device is superior to other available means for the fair and efficient

22    adjudication of the claims of the Representative Plaintiff and Class Members. The damages

23    suffered by individual Class Members may total less than three thousand dollars per individual

24    Class Member. Damages of such magnitude are small given the burden and expense of individual

25    prosecution of the potentially extensive litigation necessitated by the conduct of the Defendant.

26    Furthermore, it would be virtually impossible for Class Members to seek redress on an individual

27    basis. Even if the Class Members themselves could afford such individual litigation, the court

28    system could not.

LAW OFFICES
KIRTLAND & PACKARD LLP

30.     Individual litigation of the legal and factual issues raised by the conduct of the Defendant would increase delay and expense to all parties and to the court system. The class action device presents far fewer management difficulties and provides the benefits of a single, uniform adjudication, economies of scale and comprehensive supervision by a single court. Given the identical nature of Class Members' claims and the absence of material differences in the state statutes and common laws upon which Class Members' claims are based, a nationwide Class will be easily managed by the Court and the parties.

## FRAUDULENT CONCEALMENT

31.     Defendant concealed or suppressed the material fact of the defective design of the Area-51 notebook computers. The Defendant encouraged Class Members to believe that the frequent overheating of the Area-51 was normal and/or that the overheating was due to the Class Members' improper use of the Area-51 notebook computers. This fraudulent concealment of the Notebook computers' defective design began on the date that Class Members purchased their Area-51 notebook computers and continued throughout the entire period that the Class Members owned their computers.

32.     The information that Class Members were given at the time they purchased their Area-51 notebook computers misrepresented that the Notebook computers were free of defects and omitted to inform Class Members that there were problems with the Area-51 notebook computers. Only after Class Members experienced the constant overheating of the Area-51 notebook computers did Class Members realize that the product was, in fact, not what the Defendant claimed it to be.

33.     Class Members were unaware of the fact of the defective design of the Area-51 notebook computers. Class Members were never informed during their period of ownership that there was a problem with the Area-51 notebook computers. Even after Class Members' Area-51 notebook computers overheated, causing catastrophic failure, Class Members were not told the truth about the defective design of the notebook computers. Had the Class Members been aware that the Area-51 notebook computers overheated, they would not have purchased the computers in the first instance. Had the Class Members been told that the Area-51 notebook computers

LAW OFFICES
KIRTLAND & PACKARD LLP

1    overheated after they were purchased, they would have returned the computers to Alienware for a

2    refund.

3         34.    When the Class Members incurred problems with their Notebook computers, they

4    were not informed that the overheating was due to the defective design of the Area-51 notebook

5    computers.

6         35.    If Class Members raised concerns about the design of the Area-51 notebook

7    computers and/or the frequent overheating, the Defendant actively concealed the defective design

8    with half-truths, false statements and misrepresentations. The Defendant prevented and deterred

9    any meaningful inquiry or investigation by Class Members that may have disclosed the existence

10   of the defective design of the Area-51 notebook computers.

11        36.    The Defendant was well aware that Class Members did not know that the notebook

12   computers were defectively designed and concealed that fact with the intent to defraud the Class

13   Members. The Defendant failed to notify Class Members of the defective design of the notebook

14   computers at the time the Class Members purchased their Area-51 notebook computers and

15   thereafter intentionally concealed this fact from the Representative Plaintiff and the Class

16   Members. The Defendant actively concealed these material facts concerning the defective design

17   of the notebook computers despite numerous opportunities to fully disclose the defective design.

18   After all, the existence of a direct replacement program would have suggested to Class Members

19   that the Notebook computers were defectively designed and should be replaced at no cost to Class

20   Members.

21        37.    The Defendant had a duty to inform Class Members of all material defects in the

22   Area-51 notebook computers based upon Class Members' properly placed reliance upon the

23   Defendant to produce a product properly designed and to recall any products that were not

24   properly designed. The Defendant also had a duty to disclose the defective design of the Area-51

25   notebook computers based upon the relationship of trust and confidence between Class Members

26   and the Defendant. This trust and confidence was created in part by the Defendant's written

27   representations that the Area-51 was free from defects. As a result of defendant's breach of that

28   duty, plaintiff and the Class Members have sustained damages.

KIRTLAND & PACKARD LLP
LAW OFFICES

LAW OFFICES
KIRTLAND & PACKARD LLP

38.     The running of the statute of limitations has been suspended with respect to any claims that the Representative Plaintiff or Class Members have brought or could bring as a result of the unlawful and fraudulent concealment and course of conduct alleged herein.  Through various devices of misrepresentation and secrecy, the Defendant affirmatively and fraudulently concealed the defective design of the Area-51 computers from the Representative Plaintiff and Class Members.

## FIRST CAUSE OF ACTION

### Violations of Unfair Competition Law

### (California *Business and Professions Code* § 17200 *et seq.*)

39.     The preceding paragraphs of this Complaint are realleged and incorporated by reference and asserted by Representative Plaintiff on behalf of himself and members of the class.

40.     Defendant's actions, as complained of herein, constitute unfair, deceptive and unlawful practices committed in violation of California's Unfair Competition Law, Bus. & Prof. Code §§ 17200 et seq.

41.     Defendant violated the "fraudulent" prong of § 17200, the "unfair" prong of § 17200, and the "unlawful" prong of § 17200 by the conduct alleged herein.

42.     All of the conduct alleged herein occurred in the course of Defendant's business. Defendant's wrongful conduct was part of a pattern or generalized course of conduct repeated on thousands of occasions daily.  As a direct and proximate result of defendant's unfair and deceptive business practices, plaintiff and the Class Members have suffered injury in fact and have lost money or property.

## SECOND CAUSE OF ACTION

### Untrue and Misleading Advertising

### (California *Business and Professions Code* § 17500 *et seq.*)

43.     The preceding paragraphs of this Complaint are realleged and incorporated by reference and asserted by Representative Plaintiff on behalf of himself and members of the class.

44.     Bus. & Prof. Code § 17500 provides that "[i]t is unlawful for any ... corporation ... with intent ... to dispose of ... personal property ... to induce the public to enter into any obligation

1   relating thereto, to make or disseminate or cause to be made or disseminated ... from this state

2   before the public in any state, in any newspaper or other publication, or any advertising device, or

3   by public outcry or proclamation, or in any other manner or means whatever, including over the

4   Internet, any statement ... which is untrue or misleading, and which is known, or which by the

5   exercise of reasonable care should be known, to be untrue or misleading...."

6       45.    Defendant's use of various forms of advertising media to advertise, call attention to

7   or give publicity to the sale of their goods and services, and other practices, as set forth above,

8   which are not as advertised or as otherwise represented, constitutes unfair competition, unfair,

9   deceptive, untrue or misleading advertising, under Business & Professions Code Section 17500 et

10  seq. These advertisements and practices have deceived, and are likely to deceive, the consuming

11  public, in violation of those sections.

12      46.    Defendant's business acts and practices, as alleged herein, have caused injury to the

13  Representative Plaintiff, the class, and the public.

14      47.    Representative Plaintiff and the class are entitled to restitution and injunctive relief

15  enjoining Defendant to cease and desist from engaging in the practices described herein.

### THIRD CAUSE OF ACTION

### Violation of the Consumers Legal Remedies Act

### (California *Civil Code* § 1750 *et seq.*)

19      48.    The preceding paragraphs of this Complaint are realleged and incorporated by

20  reference and asserted by Representative Plaintiff on behalf of himself and members of the class.

21      49.    The Consumers Legal Remedies Act, Civil Code Section 1750 et seq. (hereinafter

22  "CLRA") was designed and enacted to protect consumers from unfair and deceptive business

23  practices. To this end, the CLRA sets forth a list of unfair and deceptive acts and practices in Civil

24  Code Section 1770.

25      50.    The CLRA applied to Defendant's actions and conduct described herein because it

26  extends to the sale of goods or services for personal, family or household use.

27      51.    At all relevant times, Representative Plaintiff and members of the class were

28  "consumers" as that term is defined in Civil Code Section 1761(d).

KIRTLAND & PACKARD LLP
LAW OFFICES

LAW OFFICES

KIRTLAND & PACKARD LLP

52.     The transactions from which this action arises include transactions involving the sale or lease of goods or services for personal, family or household purposes within the meaning of Civil Code Section 1761.

53.     The transactions from which this action arises include transactions involving the sale or lease of goods or services for personal, family or household purposes within the meaning of Civil Code Section 1761.

54.     Defendant's practices in connection with the marketing and sale of the Alienware Area-51 notebook computers violate the CLRA in at least the following respects:

    a.     In violation of Section 1770(a)(5), Defendant knowingly misrepresented the character, uses and benefits of the Alienware Area-51 notebook computers;

    b.     In violation of Section 1770(a)(7), Defendant knowingly misrepresented the standard and quality of the Alienware Area-51 notebook computers;

    c.     In violation of Section 1770(a)(9), Defendant has knowingly advertised the Alienware Area-51 notebook computers with the intent not to sell them as advertised; and

55.     Defendant's failure to disclose and knowing concealment of the Area-51 notebook computer's defects are omissions and concealments of material fact that constitute unfair and/or deceptive business practices in violation of Civil Code Section 1770(a).

56.     Defendant's violations of Civil Code Section 1770 present a continuing threat to members of the public in that Defendant is continuing to engage in the practices alleged herein, and will not cease until an injunction is issued by this Court.  Representative Plaintiff has given defendant notice of its violations in compliance with Civil Code Section 1782 more than 30 days prior to filing this complaint.  No appropriate remedy has been given or agreed to be given by defendant.

57.     Defendant's conduct was a substantial factor in causing damages to Plaintiffs and the class, including but not limited to:

    a.     In violation of Section 1770(a)(5), Defendant knowingly misrepresented the character, uses and benefits of the Area-51 notebook computers;

KIRTLAND & PACKARD LLP
LAW OFFICES

1   b.   In violation of Section 1770(a)(7), Defendant knowingly misrepresented the

2   standard and quality of the Area-51 notebook computers;

3   c.   In violation of Section 1770(a)(9), Defendant has knowingly advertised the Area-51

4   notebook computer with the intent not to sell them as advertised; and

5   58.   Representative Plaintiff is entitled to an award of attorneys' fees and costs pursuant

6   to Civil Code Section 1780(d).

7                           **FOURTH CAUSE OF ACTION**

8                           **Breach of Express Warranties**

9                           **(California *Commercial Code* § 2313)**

10   59.   The preceding paragraphs of this Complaint are realleged and incorporated by

11   reference and asserted by Representative Plaintiff on behalf of himself and members of the class.

12   60.   Defendant expressly represented and warranted to Representative Plaintiff and

13   members of the class, by and through statements, descriptions, and affirmations of fact made by

14   Defendant or its authorized agents or sales representatives, orally and in writing on product

15   packaging and in product advertisements and marketing materials and other written materials

16   intended for the general public, that the Area-51 notebook computer was durable, effective, and fit

17   and proper for its intended use.  For example, Alienware warrants its notebook computers against

18   "[d]efects in materials and workmanship in ... new Products' manufactured, sold or certified by

19   Alienware, Inc...."  This express warranty runs to every "first end user purchaser."  The

20   aforementioned documents and others containing express warranties regarding Area-51 notebook

21   computers and their usage were created by and at the direction of Alienware.

22   61.   In reliance upon said warranties, Representative Plaintiff and the class members

23   purchased said product.

24   62.   At the time it made such express warranties, Alienware knew the purpose for which

25   Area-51 notebook computers were intended to be used and warranted Area-51 notebook

26   computers as effective and proper for such purpose.

27   63.   Area-51 notebook computers did not conform to Alienware's promises,

28   descriptions or affirmations of fact, nor were they fit for the ordinary purpose for which they were

02145-00001  112443.1
-16-
COMPLAINT

sold and used.  Nevertheless, Defendant continued to market Area-51 notebook computers by means of false and misleading information without regard to their actual usability.

64.    Defendant has long been on notice that Area-51 notebook computers did not conform to these express representations as a result of its own testing and/or customer complaints, including at the time Representative Plaintiff and the members of the class purchased their Area-51 notebook computers.  Defendant has had more than sufficient opportunity to cure these breaches but has failed to do so.

65.    As explained above, the Area-51 notebook computer was defective "in materials and workmanship" because the computer has a defective design that does not allow it to sufficiently expel  the heat produced within the notebook computer during normal and foreseeable usage. Additionally, the design of the Area-51 notebook computer breached Defendant's express warranty in that the Area-51 notebook computers were defective in workmanship.

66.    Defendant's actions, as complained of herein, constitute a breach of express warranty in violation of California Commercial Code § 2313.

67.    Representative Plaintiff and the class members have incurred damages as described herein as a direct and proximate result of the breach and failure of Defendant to honor its express warranty, in that Representative Plaintiff and the class members would not have purchased and/or paid as much for their Area-51 notebook computers had they known the truth about the product. Instead Defendant's conduct caused them to pay a premium price for a product that should not have been on the market and/or should have been lower priced to reflect its lack of usability for its intended purpose.

## FIFTH CAUSE OF ACTION

### Breach of Implied Warranties

### (California *Commercial Code* § 2314)

68.    The preceding paragraphs of this Complaint are realleged and incorporated by reference and asserted by Representative Plaintiff on behalf of himself and members of the class.

69.    Defendant had direct dealings with Representative Plaintiff and the class through its vast marketing efforts.  As a result of their direct dealings with Defendant, Representative Plaintiff

KIRTLAND & PACKARD LLP
LAW OFFICES

1    and the class purchased Area-51 notebook computers from Alienware and/or Alienware-

2    authorized retailers. Plaintiffs and the class relied on Alienware's superior skill and judgment to

3    manufacture and sell products suitable for the purpose for which they are intended.

4         70.      Defendant sold and promoted Area-51 notebook computers, which they placed into

5    the stream of commerce. Defendant knew or had reason to know of the specific use for which the

6    Area-51 notebook computers were purchased, and it impliedly warranted that Area-51 notebook

7    computers were of merchantable quality and fit for such use. This implied warranty included,

8    among other things (i) a warranty that the Area-51 notebook computers manufactured, supplied,

9    distributed and/or sold by Defendant would not overheat; and (ii) a warranty that the Area-51

10    notebook computers would be fit for their intended use and would not overheat when used in a

11    foreseeable manner for their normal intended use.

12        71.      Plaintiffs and members of the class reasonably relied upon the expertise, skill,

13    judgment and knowledge of Defendant and upon its implied warranty that Area-51 notebook

14    computers were of merchantable quality and fit for their intended use.

15        72.      Through the conduct alleged herein, Alienware has breached the implied warranty

16    of fitness for a particular purpose. The defectively designed Area-51 notebook computer was not

17    fit for the particular purpose for which it was purchased by the class members to perform.

18    Representative Plaintiff and the class members purchased the Area-51 notebook computer for the

19    particular purpose of word processing, using a wide variety of computer programs, playing DVDs,

20    gaming etc. Alienware knew that the Representative Plaintiff and class members were purchasing

21    the Area-51 notebook computer for this particular purpose. Indeed, Alienware marketed the Area-

22    51 notebook computer as being fit for this particular purpose.

23        73.      Defendant knew or had reason to know that Representative Plaintiff and members

24    of the class were influenced to purchase Area-51 notebook computers through Defendant's

25    expertise, skill, judgment and knowledge in furnishing Area-51 notebook computers for their

26    intended use.

27        74.      Defendant's actions, as complained of herein, breached its implied warranty that

28    Area-51 notebook computers were of merchantable quality and fit for such use in violation of Cal.

02145-00001  112443.1

-18-

COMPLAINT

Comm. Code § 2314.

75.    Plaintiffs and the class members have incurred damages as described herein as a direct and proximate result of the breach and failure of Defendant to honor its implied warranty in that Plaintiffs and the class members would not have purchased and/or paid as much for their Area-51 notebook computers had they known the truth about the product.

## SIXTH CAUSE OF ACTION

### Unjust Enrichment

76.    The preceding paragraphs of this Complaint are realleged and incorporated by reference and asserted by Representative Plaintiff on behalf of himself and members of the class.

77.    To the detriment of Representative Plaintiff and members of the class, Defendant has been, and continues to be, unjustly enriched as a result of the unlawful and/or wrongful collection of, inter alia, payments for Area-51 notebook computers.

78.    Defendant has unjustly benefited through the unlawful and/or wrongful collection of, inter alia, payments for Area-51 notebook computers and continues to so benefit to the detriment and at the expense of Plaintiffs and members of the class.

79.    As between the parties, it would be unjust for Defendant to retain the benefits attained by its actions.  Accordingly, Representative Plaintiff and members of the class seek full restitution of Defendant's enrichment, benefits, and ill gotten gains acquired as a result of the unlawful and/or wrongful conduct alleged herein.

## PRAYER FOR RELIEF

WHEREFORE, the Representative Plaintiff and Class Members request that the Court enter an order or judgment against Defendant including the following:

A.    An order certifying this action as a Class Action, appointing Plaintiff as Class Representative and his counsel of record jointly as Class Counsel;

B.    Damages in the amount of monies paid for Notebook computers;

C.    Actual damages, statutory damages, punitive or treble damages, and such other relief as provided by the statutes cited herein;

1    D.    Prejudgment and post-judgment interest on such monetary relief;

2    E.    Equitable relief in the form of restitution and/or restitutionary disgorgement of

3          sums received by Defendant as a result of the unfair, unlawful and/or deceptive

4          conduct alleged in herein;

5    F.    Injunctive relief;

6    G.    The costs of bringing this suit, including reasonable attorneys' fees; and

7    H.    All other relief to which Plaintiff and members of the Class may be entitled at law

8          or in equity and which the Court deems proper.

9    DATED:  December 4, 2006                KIRTLAND & PACKARD LLP

10

11                                    By: _____

12                                          MICHAEL L. KELLY
                                           ROBERT K. FRIEDL
13                                         Attorneys for plaintiff Harry Oestreicher

14              **ADDITIONAL COUNSEL FOR PLAINTIFF**

15   David P. Meyer (Ohio Bar No. 0065205) *Pro hac vice to be filed*
     Patrick G Warner (Ohio Bar No. 0064604) *Pro hac vice to he filed*
16   DAVID P. MEYER & ASSOCIATES CO., LPA
     1320 Dublin Road, Suite 100
17   Columbus, Ohio 43215
     Tel: (614) 224-6000; Fax: (614) 224-6066
18
     Jeffrey B. Kaplan (Florida Bar No. 039977) *Pro hac vice to he filed*
19   DIMOND KAPLAN & ROTHSTEIN, P.A.
     200 S. E. 1st Street, Suite 708
20   Miami, Florida 33131
     Tel: (305) 374-1920; Fax: (305) 374-1961

21

22

23

24

25

26

27

28

LAW OFFICES
KIRTLAND & PACKARD LLP

# EXHIBIT  B

## TO

## Notice of Removal of Civil Action from State Court
## (Class Action Fairness Act)
## (28 U.S.C. §§ 1332, 1441, 1446, 1453)

12/18/2006  16:57   31050 901          KIRTLAND PACK RD                    PAGE  03/03

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
ALIENWARE CORPORATION

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
HARRY OESTREICHER, on behalf of himself and all others similarly situated

| FOR COURT USE ONLY |
| *(SOLO PARA USO DE LA CORTE)* |

Date 12-27-06 Time 3:10PM  Served
MICHAEL C. NOLAN, NO. 111
is a certified process server
In the Circuit and County Courts
in and for the Second Judicial Circuit

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | CASE NUMBER: |
| The name and address of the court is: | *(Número del Caso):* |
| *(El nombre y dirección de la corte es):* | CGC-06-458498 |

San Francisco Superior Court
400 McAllister Street
San Francisco, CA 94102-4514

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Michael L. Kelly, Esq., Kirtland & Packard LLP
2361 Rosecrans Avenue, Fourth Floor, El Segundo, CA 90245; (310) 536-1000

DATE:                DEC 1 9 2005  GORDON PARK-LI  Clerk, by _____Elizabeth Zeidler_____, Deputy
*(Fecha)*                                          *(Secretario)*                                *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [✔] on behalf of *(specify):*

   under: [✔] CCP 416.10 (corporation)        [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation) [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
          [ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
American LegalNet, Inc. | www.USCourtForms.com

(TUE)DEC 19 2006  8:46/ST.  8:45/No.7800000789  P  2

CASE NUMBER:   GC-06-   498  HARRY OESTREICHER VS. A   NWARE   DRPORATION

## NOTICE TO PLAINTIFF

A Case Management Conference is set for

**DATE:**   **MAY-11-2007**

**TIME:**   **9:00AM**

**PLACE:**   **Department 212**
**400 McAllister Street**
**San Francisco, CA  94102-3680**

All parties must appear and comply with Local Rule 3.

> CRC 212 (g)(1) requires the filing and service of a case management statement form CM-110
> no later than 15 days before the case management conference.
>
> However, it would facilitate the issuance of a case management order
> **without an appearance** at the case management conference if the case management
> statement is filed, served and lodged in Department 212
> twenty-five (25) days before the case management

Plaintiff must serve a copy of this notice upon each party to this action with the summons and
complaint. Proof of service subsequently filed with this court shall so state.

### ALTERNATIVE DISPUTE RESOLUTION POLICY REQUIREMENTS

> **IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL**
> **CASE PARTICIPATE IN EITHER MEDIATION, JUDICIAL OR NON-**
> **JUDICIAL ARBITRATION, THE EARLY SETTLEMENT PROGRAM OR**
> **SOME SUITABLE FORM OF ALTERNATIVE DISPUTE RESOLUTION**
> **PRIOR TO A MANDATORY SETTLEMENT CONFERENCE OR TRIAL.**
> **(SEE LOCAL RULE 4)**

Plaintiff must serve a copy of the Alternative Dispute Resolution Information Package on each
defendant along with the complaint.  All counsel must discuss ADR with clients and opposing
counsel and provide clients with a copy of the Alternative Dispute Resolution Information
Package prior to filing the Case Management Statement.

**[DEFENDANTS: Attending the Case Management Conference does not take the**
**place of filing a written response to the complaint. You must file a written**
**response with the court within the time limit required by law. See Summons.]**

Superior Court Alternative Dispute Resolution Coordinator
400  McAllister Street, Room 103
San Francisco, CA  94102
(415) 551-3876

**See Local Rules 3.6, 6.0 C and 10 D re stipulation to commissioners acting as temporary judges**

# Alternative Dispute Resolution (ADR) Information Package

# Alternatives to Trial

# Here are some other ways to resolve a civil dispute.

The plaintiff must serve a copy of the ADR information package
on each defendant along with the complaint. (CRC 201.9(c))

**Superior Court of California
County of San Francisco**

# Introduction

**Did you know that most civil lawsuits settle without a trial?**

**And did you know that there are a number of ways to resolve civil disputes without having to sue somebody?**

**These alternatives to a lawsuit are known as alternative dispute resolutions (ADR). The most common forms of ADR are mediation, arbitration and case evaluation. There are a number of other kinds of ADR as well.**

**In ADR, trained, impartial persons decide disputes or help parties decide disputes themselves. These persons are called neutrals. For example, in mediation, the neutral is the mediator. Neutrals normally are chosen by the disputing parties or by the court. Neutrals can help parties resolve disputes without having to go to court.**

**ADR is not new. ADR is available in many communities through dispute resolution programs and private neutrals.**

# Advantages of ADR

**ADR can have a number of advantages over a lawsuit.**

- *ADR can be speedier.* **A dispute often can be resolved in a matter of months, even weeks, through ADR, while a lawsuit can take years.**

- *ADR can save money.* **Court costs, attorneys fees, and expert fees can be saved.**

- *ADR can permit more participation.* **The parties may have more chances to tell their side of the story than in court and may have more control over the outcome.**

- *ADR can be flexible.* **The parties can choose the ADR process that is best for them. For example, in mediation the parties may decide how to resolve their dispute.**

- *ADR can be cooperative.* **This means that the parties having a dispute may work together with the neutral to resolve the dispute and agree to a remedy that makes sense to them, rather than work against each other.**

- *ADR can reduce stress.* There are fewer, if any, court appearances. And because ADR can be speedier, and save money, and because the parties are normally cooperative, ADR is easier on the nerves. The parties don't have a lawsuit hanging over their heads for years.

- *ADR can be more satisfying.* For all the above reasons, many people have reported a high degree of satisfaction with ADR.

Because of these advantages, many parties choose ADR to resolve a dispute, instead of filing a lawsuit. Even when a lawsuit has been filed, the court can refer the dispute to a neutral before the parties' position harden and the lawsuit becomes costly. ADR has been used to resolve disputes even after a trial, when the result is appealed.

# Disadvantages of ADR

ADR may not be suitable for every dispute.

- If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.

- There generally is less opportunity to find out about the other side's case with ADR than with litigation. ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.

- The neutral may charge a fee for his or her services.

- If a dispute is not resolved through ADR, the parties may have to put time and money into both ADR and a lawsuit.

- Lawsuits must be brought within specified periods of time, known as statutes of limitation. Parties must be careful not to let a statute of limitations run out while a dispute is in an ADR process.

# ALTERNATIVE DISPUTE RESOLUTION PROGRAMS
## Of the San Francisco Superior Court

"It is the policy of the Superior Court that every noncriminal, nonjuvenile case participate either in an early settlement conference, mediation, arbitration, early neutral evaluation or some other alternative dispute resolution process prior to a mandatory settlement conference or trial." (Superior Court Local Rule 4)

This guide is designed to assist attorneys, their clients and self-represented litigants in complying with San Francisco Superior Court's alternative dispute resolution ("ADR") policy. Attorneys are encouraged to share this guide with clients. By making informed choices about dispute resolution alternatives, attorneys, their clients and self-represented litigants may achieve a more satisfying resolution of civil disputes.

The San Francisco Superior Court currently offers three ADR programs for civil matters; each program is described below:

    1)    Judicial arbitration
    2)    Mediation
    3)    The Early Settlement Program (ESP) in conjunction with the San Francisco Bar Association.

## JUDICIAL ARBITRATION

### *Description*

In arbitration, a neutral "arbitrator" presides at a hearing where the parties present evidence through exhibits and testimony. The arbitrator applies the law to the facts of the case and makes an award based upon the merits of the case. When the Court orders a case to arbitration it is called <u>judicial arbitration</u>. The goal of arbitration is to provide parties with an adjudication that is earlier, faster, less formal, and usually less expensive than a trial. Upon stipulation of all parties, other civil matters may be submitted to judicial arbitration.

Although not currently a part of the Court's ADR program, civil disputes may also be resolved through <u>private arbitration</u>. Here, the parties

voluntarily consent to arbitration. If all parties agree, private arbitration may be binding and the parties give up the right to judicial review of the arbitrator's decision. In private arbitration, the parties select a private arbitrator and are responsible for paying the arbitrator's fees.

## *Operation*

Pursuant to CCP 1141.11 and Local Rule 4, all civil actions in which the amount in controversy is $50,000 or less, and no party seeks equitable relief, shall be ordered to arbitration. A case is ordered to arbitration after the Case Management Conference. An arbitrator is chosen from the Court's Arbitration Panel. Most cases ordered to arbitration are also ordered to a pre-arbitration settlement conference. Arbitrations are generally held between 7 and 9 months after a complaint has been filed. Judicial arbitration is not binding unless all parties agree to be bound by the arbitrator's decision. Any party may request a court trial within 30 days after the arbitrator's award has been filed.

## *Cost*

There is no cost to the parties for judicial arbitration or for the pre-arbitration settlement conference.

## MEDIATION

## *Description*

Mediation is a voluntary, flexible, and confidential process in which a neutral third party "mediator" facilitates negotiations. The goal of mediation is to reach a mutually satisfactory agreement that resolves all or part of the dispute after exploring the significant interests, needs, and priorities of the parties in light of relevant evidence and the law.

Although there are different styles and approaches to mediation, most mediations begin with presentations of each side's view of the case. The mediator's role is to assist the parties in communicating with each other, expressing their interests, understanding the interests of opposing parties, recognizing areas of agreement and generating options for resolution. Through questions, the mediator aids each party in assessing the strengths and weaknesses of their position.

A mediator does not propose a judgment or provide an evaluation of the merits and value of the case. Many attorneys and litigants find that mediation's emphasis on cooperative dispute resolution produces more satisfactory and enduring resolutions. Mediation's non-adversarial approach is particularly effective in disputes in which the parties have a continuing relationship, where there are multiple parties, where equitable relief is sought, or where strong personal feelings exist.

## Operation

San Francisco Superior Court Local Court Rule 4 **provides three different voluntary mediation programs** for civil disputes. An appropriate program is available for all civil cases, regardless of the type of action or type of relief sought.

To help litigants and attorneys identify qualified mediators, the Superior Court maintains a list of mediation providers whose training and experience have been reviewed and approved by the Court. The list of court approved mediation providers can be found at www.sfgov.org/courts. Litigants are not limited to mediators on the court list and may select any mediator agreed upon by all parties. A mediation provider need not be an attorney.

Local Rule 4.2 D allows for mediation in lieu of judicial arbitration, so long as the parties file a stipulation to mediate within 240 days from the date the complaint is filed. If settlement is not reached through mediation, a case proceeds to trial as scheduled.

## Private Mediation

The Private Mediation program accommodates cases that wish to participate in private mediation to fulfill the court's alternative dispute resolution requirement. The parties select a mediator, panel of mediators or mediation program of their choice to conduct the mediation. The cost of mediation is borne by the parties equally unless the parties agree otherwise.

Parties in civil cases that have not been ordered to arbitration may consent to private mediation at any point before trial. Parties willing to submit a matter to private mediation should indicate this preference on the Stipulation to Alternative Dispute Resolution form or the Case Management Statement (CM-110). Both forms are attached to this packet.

### Mediation Services of the Bar Association of San Francisco

The Mediation Services is a coordinated effort of the San Francisco Superior Court and The Bar Association of San Francisco (BASF) in which a court approved mediator provides three hours of mediation at no charge to the parties. It is designed to afford civil litigants the opportunity to engage in early mediation of a case shortly after filing the complaint, in an effort to resolve the matter before substantial funds are expended on the litigation process. Although the goal of the program is to provide the service at the outset of the litigation, the program may be utilized at anytime throughout the litigation process.

The mediators participating in the program have been pre-approved by the court pursuant to strict educational and experience requirements.

After the filing of the signed Stipulation to Alternative Dispute Resolution form included in this ADR package the parties will be contacted by BASF. Upon payment of the $200 per party administration fee, parties select a specific mediator from the list of court approved mediation providers. The hourly mediator fee beyond the first three hours will vary depending on the mediator selected. Waiver of the administrative fee based on financial hardship is available.

A copy of the Mediation Services rules can be found on the BASF website at www.sfbar.org, or you may call BASF at 415-782-8913

### Judicial Mediation

The Judicial Mediation program is designed to provide early mediation of complex cases by volunteer judges of the San Francisco Superior Court. Cases considered for the program include construction defect, employment discrimination, professional malpractice, insurance coverage, toxic torts and industrial accidents.

Parties interested in judicial mediation should file the Stipulation to Alternative Dispute Resolution form attached to this packet indicating a joint request for inclusion in the program. A preference for a specific judge may be indicated. The court Alternative Dispute Resolution Coordinator will coordinate assignment of cases that qualify for the program.

## Cost

Generally, the cost of Private Mediation ranges from $200 per hour to $400 per hour and is shared equally by the parties. Many mediators are willing to adjust their fees depending upon the income and resources of the parties. Any party who meets certain eligibility requirements may ask the court to appoint a mediator to serve at no cost to the parties.

The Mediation Services of the Bar Association of San Francisco provides three hours of mediation time at no cost with a $200 per party administrative fee.

There is no charge for participation in the Judicial Mediation program.

## EARLY SETTLEMENT PROGRAM

### Description

The Bar Association of San Francisco, in cooperation with the Court, offers an Early Settlement Program ("ESP") as part of the Court's settlement conference calendar. The goal of early settlement is to provide participants an opportunity to reach a mutually acceptable settlement that resolves all or part of the dispute. The two-member volunteer attorney panel reflects a balance between plaintiff and defense attorneys with at least 10 years of trial experience.

As in mediation, there is no set format for the settlement conference. A conference typically begins with a brief meeting with all parties and counsel, in which each is given an opportunity to make an initial statement. The panelists then assist the parties in understanding and candidly discussing the strengths and weaknesses of the case. The Early Settlement Conference is considered a "quasi-judicial" proceeding and, therefore, is not entitled to the statutory confidentiality protections afforded to mediation.

### Operation

Civil cases enter the ESP either voluntarily or through assignment by the Court. Parties who wish to choose the early settlement process should indicate this preference on the status and setting conference statement.

If a matter is assigned to the ESP by the Court, parties may consult the ESP program materials accompanying the "Notice of the Early Settlement Conference" for information regarding removal from the program.

Participants are notified of their ESP conference date approximately 4 months prior to trial.  The settlement conference is typically held 2 to 3 months prior to the trial date.  The Bar Association's ESP Coordinator informs the participants of names of the panel members and location of the settlement conference approximately 2 weeks prior to the conference date.

Local Rule 4.3 sets out the requirements of the ESP.  All parties to a case assigned to the ESP are required to submit a settlement conference statement prior to the conference.  All parties, attorneys who will try the case, and insurance representatives with settlement authority are required to attend the settlement conference.  If settlement is not reached through the conference, the case proceeds to trial as scheduled.

### Cost

All parties must submit a $200 generally non-refundable administrative fee to the Bar Association of San Francisco.  Parties who meet certain eligibility requirements may request a fee waiver.  For more information, please contact the ESP Coordinator at (415) 982-1600.

* * * * * * * * * * * * * * * * * * * *

For further information about San Francisco Superior Court ADR programs or dispute resolution alternatives, please contact:

Superior Court Alternative Dispute Resolution Coordinator,
400 McAllister Street, Room 103
San Francisco, CA   94102
(415) 551-3876

or visit the Superior Court Website at
http://sfgov.org/site/courts_page.asp?id=3672

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF SAN FRANCISCO
### 400 McAllister Street, San Francisco, CA   94102-4514

|  |  |
|---|---|
| Plaintiff<br><br>v.<br><br><br>Defendant | Case No. _____<br><br>**STIPULATION TO ALTERNATIVE<br>DISPUTE RESOLUTION** |

**The parties hereby stipulate that this action shall be submitted to the following alternative dispute resolution process:**

☐ Private Mediation          ☐ **Mediation Services of BASF**          ☐ **Judicial Mediation**
☐ Binding arbitration                                                            Judge _____
☐ Non-binding judicial arbitration                                       Judge _____
☐ BASF Early Settlement Program
☐ Other ADR process (describe) _____

**Plaintiff(s) and Defendant(s) further agree as follows:**

_____

_____

_____

_____


_____          _____          _____
Name of Party Stipulating          Name of Party or Attorney Executing Stipulation          Signature of Party or Attorney

☐ Plaintiff     ☐ Defendant     ☐ Cross-defendant          Dated: _____


_____          _____          _____
Name of Party Stipulating          Name of Party or Attorney Executing Stipulation          Signature of Party or Attorney

☐ Plaintiff     ☐ Defendant     ☐ Cross-defendant          Dated: _____


_____          _____          _____
Name of Party Stipulating          Name of Party or Attorney Executing Stipulation          Signature of Party or Attorney

☐ Plaintiff     ☐ Defendant     ☐ Cross-defendant          Dated: _____


☐ *Additional signature(s) attached*

ADR-2  3/06                    **STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION**

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State bar number, and address):* | FOR COURT USE ONLY |
|---|---|

TELEPHONE NO.:                    FAX NO. *(Optional):*

E-MAIL ADDRESS *(Optional):*

ATTORNEY FOR *(Name):*

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF**

STREET ADDRESS:

MAILING ADDRESS:

CITY AND ZIP CODE:

BRANCH NAME:

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| **CASE MANAGEMENT STATEMENT** | CASE NUMBER: |
|---|---|
| **(Check one):** ☐ **UNLIMITED CASE** (Amount demanded exceeds $25,000) ☐ **LIMITED CASE** (Amount demanded is $25,000 or less) | |

A **CASE MANAGEMENT CONFERENCE** is scheduled as follows:

Date:                    Time:                    Dept.:                    Div.:                    Room:

Address of court *(if different from the address above):*

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one):*
   a. ☐ This statement is submitted by party *(name):*
   b. ☐ This statement is submitted **jointly** by parties *(names):*

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date):*
   b. ☐ The cross-complaint, if any, was filed on *(date):*

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐ All parties named in the complaint and cross-complaint have been served, or have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served *(specify names and explain why not):*
      (2) ☐ have been served but have not appeared and have not been dismissed *(specify names):*
      (3) ☐ have had a default entered against them *(specify names):*
   c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and the date by which they may be served):*

4. **Description of case**
   a. Type of case in ☐ complaint ☐ cross-complaint *(describe, including causes of action):*

Page 1 of 4

**CASE MANAGEMENT STATEMENT**

Cal. Rules of Court,
rule 212

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

4. b.   Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

☐   *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.   **Jury or nonjury trial**
The party or parties request   ☐ a jury trial   ☐ a nonjury trial   *(if more than one party, provide the name of each party requesting a jury trial):*

6.   **Trial date**
   a.   ☐   The trial has been set for *(date):*
   b.   ☐   No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

   c.   Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7.   **Estimated length of trial**
The party or parties estimate that the trial will take *(check one):*
   a.   ☐   days *(specify number):*
   b.   ☐   hours (short causes) *(specify):*

8.   **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial   ☐   by the attorney or party listed in the caption   ☐   by the following:
   a.   Attorney:
   b.   Firm:
   c.   Address:
   d.   Telephone number:
   e.   Fax number:
   f.   E-mail address:
   g.   Party represented:
   ☐   Additional representation is described in Attachment 8.

9.   **Preference**
   ☐   This case is entitled to preference *(specify code section):*

10.   **Alternative Dispute Resolution (ADR)**
   a.   Counsel   ☐   has   ☐   has not   provided the ADR information package identified in rule 201.9 to the client and has reviewed ADR options with the client.
   b.   ☐   All parties have agreed to a form of ADR. ADR will be completed by *(date):*
   c.   ☐   The case has gone to an ADR process *(indicate status):*

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

10. d. The party or parties are willing to participate in *(check all that apply)*:

    (1) ☐ Mediation

    (2) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to close 15 days before arbitration under Cal. Rules of Court, rule 1612)

    (3) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to remain open until 30 days before trial; order required under Cal. Rules of Court, rule 1612)

    (4) ☐ Binding judicial arbitration

    (5) ☐ Binding private arbitration

    (6) ☐ Neutral case evaluation

    (7) ☐ Other *(specify):*

    e. ☐ This matter is subject to mandatory judicial arbitration because the amount in controversy does not exceed the statutory limit.

    f. ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

    g. ☐ This case is exempt from judicial arbitration under rule 1601(b) of the California Rules of Court *(specify exemption):*

## 11. Settlement conference

    ☐ The party or parties are willing to participate in an early settlement conference *(specify when):*

## 12. Insurance

    a. ☐ Insurance carrier, if any, for party filing this statement *(name):*

    b. Reservation of rights: ☐ Yes ☐ No

    c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

## 13. Jurisdiction

Indicate any matters that may affect the court's jurisdiction or processing of this case, and describe the status.

    ☐ Bankruptcy ☐ Other *(specify):*

    Status:

## 14. Related cases, consolidation, and coordination

    a. ☐ There are companion, underlying, or related cases.

        (1) Name of case:

        (2) Name of court:

        (3) Case number:

        (4) Status:

        ☐ Additional cases are described in Attachment 14a.

    b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

## 15. Bifurcation

    ☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

## 16. Other motions

    ☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

American LegalNet, Inc.
www.USCourtForms.com

| PLAINTIFF/PETITIONER: | CASE NUMBER. |
|---|---|
| DEFENDANT/RESPONDENT: | |

**17. Discovery**

   a. ☐ The party or parties have completed all discovery.

   b. ☐ The following discovery will be completed by the date specified *(describe all anticipated discovery)*:

| Party | Description | Date |
|---|---|---|

   c. ☐ The following discovery issues are anticipated *(specify)*:

**18. Economic Litigation**

   a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90 through 98 will apply to this case.

   b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case)*:

**19. Other issues**

   ☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify)*:

**20. Meet and confer**

   a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 212 of the California Rules of Court *(if not, explain)*:

   b. After meeting and conferring as required by rule 212 of the California Rules of Court, the parties agree on the following *(specify)*:

**21. Case management orders**

   Previous case management orders in this case are *(check one)*: ☐ none ☐ attached as Attachment 21.

**22. Total number of pages attached** *(if any)*: _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and ADR, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached

American LegalNet, Inc.



# Superior Court of California
## County of San Francisco

# Judicial Mediation Program

### Introducing a new court alternative dispute resolution
### program that provides judicial mediation of complex civil cases

The Judicial Mediation program offers mediation of complex civil litigation by a San Francisco Superior Court judge familiar with the area of the law that is the subject of the controversy. Cases that will be considered for participation in the program include, but are not limited to professional malpractice, construction, employment, insurance coverage disputes, mass torts and complex commercial litigation. Judicial mediation offers civil litigants the opportunity to engage in early mediation of a case shortly after filing the complaint in an effort to resolve the matter before substantial funds are expended. This program may also be utilized at anytime throughout the litigation process. The panel of judges currently participating in the program includes:

| | |
|---|---|
| The Honorable David L. Ballati | The Honorable Patrick J. Mahoney |
| The Honorable Anne Bouliane | The Honorable Tomar Mason |
| The Honorable Ellen Chaitin | The Honorable James J. McBride |
| The Honorable John J. Conway | The Honorable Kevin M. McCarthy |
| The Honorable Robert L. Dondero | The Honorable John E. Munter |
| The Honorable Ernest H. Goldsmith | The Honorable A. James Robertson, II |
| The Honorable Curtis E. A. Karnow | The Honorable Mary E. Wiss |

Parties interested in judicial mediation should file the Stipulation to Alternative Dispute Resolution form attached to this packet indicating a joint request for inclusion in the program and deliver a courtesy copy to Dept. 212. A preference for a specific judge may be indicated. The court Alternative Dispute Resolution Coordinator will facilitate assignment of cases that qualify for the program.

Note: Space is limited. Submission of a stipulation to judicial mediation does not guarantee inclusion in the program. You will receive written notification from the court as to the outcome of your application.

### Superior Court Alternative Dispute Resolution
400 McAllister Street, Room 103, San Francisco, CA 94102
(415) 551-3876

10/31/06

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Michael L. Kelly, Esq. - State Bar No. 82063<br>KIRTLAND & PACKARD LLP<br>2361 Rosecrans Avenue, Fourth Floor, El Segundo, CA 90245<br>TELEPHONE NO.: (310) 536-1000   FAX NO.: (310) 536-1001<br>ATTORNEY FOR *(Name)*: Plaintiff HARRY OESTREICHER | ENDORSED<br>F I L E D<br>San Francisco County Superior Court<br><br>DEC 0 6 2006<br><br>GORDON PARK-LI, Clerk<br>BY: JUN P. PANELO<br>Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  SAN FRANCISCO
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco, CA 94102-4514
BRANCH NAME: Civic Center Courthouse

CASE NAME:
HARRY OESTREICHER v. ALIENWARE CORPORATION, et al.

| CIVIL CASE COVER SHEET | | | CASE NUMBER: |
|---|---|---|---|
| [✓] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | **Complex Case Designation**<br>[ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 1811) | CGC-06-458498 |
| | | | JUDGE: |
| | | | DEPT: |

*Items 1–5 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[✓] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 1800–1812)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [✓] is not   complex under rule 1800 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Type of remedies sought *(check all that apply)*:
   a. [✓] monetary  b. [✓] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action *(specify)*:  6
5. This case [✓] is [ ] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date:  December 5, 2006

Michael L. Kelly
(TYPE OR PRINT NAME)                     (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 201.8.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 1800 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. January 1, 2006]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 201.8, 1800–1812;
Standards of Judicial Administration, § 19
www.courtinfo.ca.gov

American LegalNet, Inc.
www.USCourtForms.com

1 | Michael L. Kelly - California State Bar No. 82063
2 | Robert K. Friedl - California State Bar No. 134947
  | KIRTLAND & PACKARD LLP
3 | 2361 Rosecrans Avenue, Fourth Floor
  | El Segundo, California 90245
  | Tel:(310) 536-1000; Fax: (310) 536-1001
4 |
5 | David P. Meyer (Ohio Bar No. 0065205) *Pro hac vice to be filed*
  | Patrick G Warner (Ohio Bar No. 0064604) *Pro hac vice to be filed*
6 | DAVID P. MEYER & ASSOCIATES CO., LPA
  | 401 North Front Street, Suite 350
  | Columbus, Ohio 43215
7 | Tel: (614) 224-6000; Fax: (614) 224-6066
8 | Jeffrey B. Kaplan (Florida Bar No. 039977) *Pro hac vice to be filed*
  | DIMOND KAPLAN & ROTHSTEIN, P.A.
9 | 200 S. E. 1st Street, Suite 708
  | Miami, Florida 33131
10 | Tel: (305) 374-1920; Fax: (305) 374-1961

11 | Attorneys for plaintiff Harry Oestreicher

ENDORSED
F I L E D
*San Francisco County Superior Court*

DEC 0 6 2006

GORDON PARK-LI, Clerk
BY: JUN P. PANELO
Deputy Clerk

LAW OFFICES
KIRTLAND & PACKARD LLP

12 | SUPERIOR COURT OF THE STATE OF CALIFORNIA

13 | FOR THE COUNTY OF SAN FRANCISCO

14 |

15 | HARRY OESTREICHER, on behalf of himself ) Case No. **CGC-06-458498**
16 | and all others similarly situated,, )
   | ) **CLASS ACTION**
17 | Plaintiff, )
   | ) **CLRA VENUE AFFIDAVIT OF**
18 | v. ) **PLAINTIFF HARRY OESTREICHER**
   | )
19 | ALIENWARE CORPORATION, )
   | )
20 | Defendant. )
   | )

21 | I, Harry Oestreicher, hereby declare:

22 | 1.   I am the plaintiff in the above referenced action. The matters set forth in this

23 | affidavit are true and correct and within my own personal knowledge. If called to testify I could

24 | and would competently testify thereto.

25 | 2.   This affidavit is made pursuant to California *Civil Code* § 1780(c).

26 | 3.   At the time of the events alleged in the complaint I was a resident of the County of

27 | San Francisco.

28 | 4.   On or about June 30, 2005, I purchased the Alienware notebook computer alleged

02145-00001  112268.1

1  in the complaint.  I purchased the Alienware notebook computer over the internet from my

2  residence in the County of San Francisco.  The Alienware notebook computer was then shipped to

3  and received at my residence in the County of San Francisco.

4          I declare under penalty of purjury that the foregoing is true and correct and that this

5  affidavit was executed on November _30_, 2006, in San Francisco, California.

6

7

8                                                     Harry Oestreicher

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CLRA VENUE AFFIDAVIT

KIRTLAND & PACKARD LLP
LAW OFFICES

# EXHIBIT  C

## TO

# Notice of Removal of Civil Action from State Court (Class Action Fairness Act) (28 U.S.C. §§ 1332, 1441, 1446, 1453)

1    Douglas R. Young (State Bar No. 073248)
        C. Brandon Wisoff (State Bar No. 121930)
2    Cory M. Mason (State Bar No. 240987)
        Farella Braun & Martel LLP
3    235 Montgomery Street, 17th Floor
        San Francisco, CA  94104
4    Telephone:  (415) 954-4400
        Facsimile:  (415) 954-4480

5

6    Attorneys for Defendant
        ALIENWARE CORPORATION

7

8           IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

9              IN AND FOR THE COUNTY OF SAN FRANCISCO

10

11   HARRY OESTREICHER, on behalf of        Case No.  CGC-06-458498
        himself and all others similarly situated,
12                      **NOTICE OF REMOVAL TO FEDERAL**
              Plaintiff,            **COURT**
13
            vs.
14
        ALIENWARE CORPORATION and
15   DOES 1-100, inclusive,

16             Defendants.

17

18   **TO THE CLERK OF THE ABOVE-ENTITLED COURT AND TO PLAINTIFF AND HIS**

19   **ATTORNEYS OF RECORD:**

20         PLEASE TAKE NOTICE that, on January 25, 2007, Defendant Alienware Corporation

21   filed a Notice of Removal of this action in the United States District Court for the Northern

22   District of California under case number _____.  A copy of said Notice of

23   Removal is attached to this Notice, and is served and filed herewith.

24   ///

25   ///

26   ///

27   ///

28

NOTICE OF REMOVAL TO FEDERAL
COURT

1        PLEASE TAKE FURTHER NOTICE that, pursuant to 28 U.S.C. section 1446(d), the

2   above-styled action, originally brought in this Court as case number CGC-06-458498, is now

3   removed to federal court.  This Court may proceed no further unless and until this case is

4   remanded.

5

6   DATED:  January 25, 2007                    FARELLA BRAUN & MARTEL LLP

7

8                                              By:_____

9                                                  Cory M. Mason

10                                             Attorneys for Defendant
                                               ALIENWARE CORPORATION

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF REMOVAL TO FEDERAL
COURT                                    - 2 -                        21727\1151071.1